UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No.: 4:08-cv-0029-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| $36,110.00 IN UNITED STATES | ) | |
| CURRENCY, and ONE 2000 FORD | ) | |
| WINDSTAR AUTOMOBILE, WHITE IN | ) | |
| COLOR, VIN # 2FMZA5149YBC46103, | ) | |
| MASSACHUSETTS LICENSE NUMBER | ) | |
| 79GA93, TOGETHER WITH ITS | ) | |
| EQUIPMENT, ACCESSORIES AND | ) | |
| CONTENTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.     INTRODUCTION**

The United States brings this in rem civil forfeiture action pursuant to Supplemental Rule G(2), Fed.R.Civ.P. Presently before the Court is Claimant Sherrod V. Bright's Motion to Dismiss (Document # 9). Bright is proceeding pro se. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motion is potentially dispositive of this case, this Report and Recommendation is entered for review by the district judge.

**II.     FACTUAL ALLEGATIONS**

On August 29, 2007, the Florence County Sheriff's Deputy Corporal C.H. Weaver observed a white minivan traveling on I-95 southbound at a high rate of speed, which he verified with a radar unit to be 79 MPH in a 70 MPH zone. Complaint at ¶ 9b. Cpl. Weaver pursued the 2000 Ford

Windstar Van and stopped it at mile marker 158. Id. When Cpl. Weaver approached the passenger side front door window, he noticed a strong odor of air freshener coming from inside the vehicle. Id. at ¶ 7d. He observed four tree-shaped air fresheners hanging from the rear view mirror. Id. The vehicle was driven by Bright and the passenger was Rodney Headley. Id. at ¶ 9a. After Cpl. Weaver asked Bright for his license and registration, he noticed Bright's hand shaking as he handed him the information. Id. at ¶ 9f. Cpl. Weaver also noticed a brown paper bag containing a liquor bottle, and both Plaintiff and Headley stated that it was from the night before and it was open. Id.

Cpl. Weaver advised Bright that he was stopped for speeding. Id. at ¶ 9h. Bright told Cpl. Weaver that his girlfriend, Oya Williams, owned the vehicle and that he was headed to Miami, Florida for a vacation for two nights. Id. Cpl. Weaver ran an check on Bright's driver's license which came back valid, and he wrote Bright a warning ticket for the traffic violation. Id. at ¶ 9i. While talking with Bright, Cpl. Weaver could see his carotid artery pounding in his neck. Id. Cpl. Weaver also spoke with the passenger, who falsely identified himself. Id. at ¶ 9j. When Cpl. Weaver asked the passenger for his identification, he told Cpl. Weaver that he lost it and gave another, different false identification. Id. at ¶ 9m. In response to Cpl. Weaver's questions, Bright told him that he did not have any weapons, marijuana, meth, crack or cocaine in the vehicle and that he had about $300.00. Id. at ¶ 9n. Cpl. Weaver asked Bright if he could search his vehicle. Id. Bright looked around, shrugged his shoulders and could not make up his mind. Id. Bright asked Cpl. Weaver if he was free to leave. Id. Cpl. Weaver explained some of the indicators that he observed and stated they were going to wait for the K-9 unit to arrive. Id. The passenger gave Cpl. Weaver consent to search the vehicle. Id. at ¶ 9o.

The drug detection K-9 positively alerted to the presence of the odor of narcotics coming from the vehicle at the van's sliding doors. Id. The officers searched the van and found four cell phones. Id. at ¶ 9s. An officer pulled back the door trim to the left side sliding door and located an aftermarket, hidden trap-type compartment. Id. at ¶ 9t. The left sliding door compartment was empty. Id. The right sliding door also had an aftermarket hidden trap-type compartment inside the door. Id. A green plastic bag was removed from that compartment and opened. Id. Inside the green plastic bag were four folded bundled of U.S. currency and one unfolded bundle of U.S. currency. Id. Cpl. Weaver contacted the Florence, South Carolina DEA office and Special Agent McCabe and Task Force Officer Brown arrived at the scene and questioned Bright about the money. Id. at ¶ 9v. Bright stated he knew nothing about the money and that it may have been left there by the previous owners. Id. ¶ 9w. Bright, Headley and Williams have criminal records. Id. at ¶ 9z.

The United States alleges that there is reasonable cause to believe that the Defendant property constitutes or is traceable to

- a. proceeds furnished or intended to be furnished in exchange for controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846;

- b. property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 (a)(1)(A)(I), 1956(a)(1)(B)(I) and 1957;

- c. property involved in an illegal money transmitting business in violation of 18 U.S.C. § 1960;

- d. proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(c)(7); and/or

- e. a conveyance which was used, or was intended for use, to transport, or in an manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances;

or was used or intended to be used to facilitate such offenses, and the said property

> is therefore subject to forfeiture under the provisions of 21 U.S.C. §§ 881(a)(4) and 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(c).

Complaint at ¶ 10.

### III. STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### IV. DISCUSSION

Bright argues that the forfeiture Complaint fails to state a claim for which relief may be granted, violates Double Jeopardy, collateral estoppel and res judicata, and was not timely filed. Because this court lacks jurisdiction over this case if it was not timely filed, that issue will be addressed first.

The submission of a claim in the administrative proceeding triggers in the United States the obligation to file a civil judicial action to continue the forfeiture proceedings. 18 U.S.C. § 983(a)(3)(A). Under the facts of this case, any such complaint must be filed within 90 days of Plaintiff's claim. Id.  On September 20, 2007, DEA sent known potential claimants, including Bright, a notice of the seizure of the currency and, on September 25, 2007, a notice of the seizure of the vehicle. The notice included information on how to file a claim to contest the forfeiture or to

request remission of the forfeiture, as well as the required time frames for making such submissions, in conformity with 19 U.S.C. § 1607(a) and 21 C.F.R. § 1316.75. Bright asserts that he filed his claim on September 29, 2007. The United States asserts that the DEA received the claim on October 9, 2007. A review of Bright's Claim and Envelope[1] attached by the United States to its Response reveals that the Claim was dated by Bright on September 29, 2007, and stamped "Received" by the "Asset Forfeiture Section" on October 10, 2007. The envelope is postmarked October 4, 2007. A claim is "filed"when it is received by the seizing agency, not when it is mailed. United States v. $65,930.00 in U.S.Currency, 2006 WL 923704, at *2 (D.Conn. 2006); United States v. $200,255 in U.S.Currency, 2006 WL 1687774, at *6 (M.D. Ga. 2006). The United States filed this forfeiture proceeding on January 4, 2008. Thus, it appears that this action was timely filed pursuant to 18 U.S.C. § 983(a)(3)(A) and dismissal is not proper on these grounds.

Dismissal is also not appropriate pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. Section 983(a)(3)(A) of Title 18 provides that a civil forfeiture complaint must be filed in accordance with the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, which includes newly effective Rule G(2), the particularity in pleading requirement. Rule G(2)(f) requires the complaint to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." The "reasonable belief" standard in Rule G(2)(f) is the same standard for sufficiency of a complaint contained in the previously applicable Rule E(2), and cases interpreting it. Advisory Committee Notes, 2006 Adoption, Rule G, Subdivision (2)(2006). United States v. $50,040 in U.S. Currency, No. 06-04552, 2007 WL 1176631

---

[1] The court may consider matters outside the pleadings when determining jurisdiction without converting the motion into one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982).

(N.D.Cal. 2007) (the first judicial interpretation of Rule G(2)) See, e.g., United States v. Mondragon, 313 F.3d 862 (4th Cir. 2002); United States v. $78,850.00 in United States Currency, 444 F.Supp.2d 630 (D.S.C. 2006). Rule E(2)(a) required, and still requires that the "complaint ... state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."

In Mondragon, the Fourth Circuit clearly sets forth the standard for dismissing a civil forfeiture complaint under Rule E(2) and details what types of facts amount to sufficient particularity. In Mondragon, the court held that the complaint provided sufficient information to survive dismissal where it set forth (1) what currency was seized; (2) how it was packaged; (3) when it was seized; (4) where it was seized; (5) by whom it was seized; (6) that it was a large sum of currency found in unusual packaging; (7) that a hidden compartment was used to store the currency, and (8) that the drug dog alerted in the area of the car near the hidden compartment. Mondragon, 313 F.3d at 866. The court also noted that because Mondragon was present when the currency was found, she was well-informed of the facts regarding how the currency was seized. Id.

In the present case, the Complaint includes that $36,110 in United States currency and a 2000 Ford Windstar, VIN # 2FMZA5149YBC46103 were seized on August 29, 2007, in Florence, South Carolina, by a Florence County Sheriff's Deputy, that the currency was packaged in a green plastic bag in three bundles and one unbundled stack of cash and hidden in an aftermarket, hidden, trap-type compartment in the van, and the drug dog alerted in the area of the car near the compartment. Furthermore, Bright was present when the currency was found. The Complaint provides Bright with ample facts to be able to commence an investigation and frame a responsive pleading.

Additionally, § 983(c)(2) expressly provides that the United States may use evidence gathered after the filing of a forfeiture complaint to meet its burden of proof. <u>United States v. 630 Ardmore Drive</u>, 178 F.Supp.2d 572, 580 (M.D.N.C. 2001). "This provision [in § 983(c)(2)] would be meaningless if the government were required to meet the preponderance standard merely to commence an action." <u>United States v. Real Property Located at 5208 Los Franciscos Way</u>, 385 F.3d 1187, 1193 (9th Cir. 2004). The allegations pleaded in the Complaint are sufficient. Dismissal at this stage in the litigation would be premature.

## V.     CONCLUSION

For the reasons set forth above, it is recommended that Claimant Bright's Motion to Dismiss (Document # 9) be denied.

                          Respectfully Submitted,

                          s/Thomas E. Rogers, III
                          Thomas E. Rogers, III
                          United States Magistrate Judge

February 2, 2009
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**