UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> ) <br> $36,110.00 IN UNITED STATES ) <br> CURRENCY, and ONE 2000 FORD ) <br> WINDSTAR AUTOMOBILE, WHITE IN ) <br> COLOR, VIN # 2FMZA5149YBC46103, ) <br> MASSACHUSETTS LICENSE NUMBER ) <br> 79GA93, TOGETHER WITH ITS ) <br> EQUIPMENT, ACCESSORIES AND ) <br> CONTENTS, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No.: 4:08-cv-0029-TLW-TER <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

The United States brings this in rem civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(c) and Supplemental Rule G(2), Fed.R.Civ.P. Presently before the Court is Plaintiff's Motion for Default Judgment (Document # 73). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

## II. FACTUAL ALLEGATIONS

This forfeiture action arises out of a traffic stop of the Defendant 2000 Ford Windstar Automobile, White in Color, Vin # 2fmza5149ybc46103 (the Vehicle) on August 29, 2007, by officers of the Florence County Sheriff's Office on Interstate 95 in Florence County, South Carolina. The traffic stop was made based upon an observed traffic violation. The Vehicle contained two

occupants: the driver, Sherrod Bright, and Rodney Headley. The Vehicle was registered to a third party, Oya S. Williams. The law enforcement officers involved in the stop located Defendant $36,110.00 in United States Currency (the Currency) hidden in a trap-type compartment. When asked about the Defendant Currency, Bright disclaimed any knowledge of it, telling law enforcement that it may have been left there by the previous owner of the vehicle.[1] The Vehicle and the Currency (collectively, "Defendant Properties") were seized for forfeiture.

The United States alleges that there is reasonable cause to believe that the Defendant Properties constitute or are traceable to

>   a. proceeds furnished or intended to be furnished in exchange for controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846;
>
>   b. property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. §§ 1956 (a)(1)(A)(I), 1956(a)(1)(B)(I) and 1957;
>
>   c. property involved in an illegal money transmitting business in violation of 18 U.S.C. § 1960;
>
>   d. proceeds of some other form of specified illegal activity set forth in 18 U.S.C. § 1956(c)(7); and/or
>
>   e. a conveyance which was used, or was intended for use, to transport, or in an manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances;
>
>   or was used or intended to be used to facilitate such offenses, and the said property is therefore subject to forfeiture under the provisions of 21 U.S.C. §§ 881(a)(4) and 881(a)(6), 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(c).

Complaint at ¶ 10.

---

[1] Bright now asserts that the Currency was either loaned or gifted to him by certain individuals.

## III. PROCEDURAL HISTORY

The United States filed its Complaint (Document # 1) on January 4, 2008. A Warrant of Arrest and Notice in Rem (Document # 6) were issued January 28, 2008. Pursuant to Supplemental Rule G(4)(b), Fed.R.Civ.P., the United States sent direct notice to the known potential claimants, Sherrod Bright, Rodney Headley, and Oya Williams, via federal express as documented by the Notice of Judicial Forfeiture Action (Document # 7). The Notice of Judicial Forfeiture Action notified the known potential claimants that, as required by Supplemental Rule G(4)(b)(ii)(B) and (C), a Claim must be filed within thirty-five days of the date the Notice is sent and an Answer or Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty days after the Claim is filed. The United States also gave public notice of this action through publication on an official government website, as provided by Supplemental Rule G(4)(a)(iv)(C). See Document # 11. Neither Headley nor Williams filed a Claim or an Answer to the Complaint. Bright filed a Claim (Document # 10) and a Motion to Dismiss (Document # 9) March 10, 2008. The Motion to Dismiss was denied by Order (Document # 31) dated March 12, 2009. Bright has not filed an Answer to the Complaint.

On October 29, 2010, the United States filed a Request for Entry of Default (Document # 68) pursuant to Rule 55(a), Fed.R.Civ.P., as to all three known potential claimants. The Clerk of Court made its Entry of Default (Document # 69) on November 1, 2010. The United States filed the present Motion for Default Judgment on November 2, 2010. Neither Williams nor Headley have made an appearance in this case. Although Bright has made an appearance, he has not filed a Response to the Motion for Default Judgment.

## IV. DISCUSSION

Rule 55(b)(2), Fed.R.Civ.P., allows the Court to enter judgment against a party who has failed to answer or otherwise plead. None of the known potential claimants have filed answers in this action. As stated above, neither Williams nor Headley have made an appearance. Default judgment against them is proper. Rule 55(b) allows for entry of default judgment when the amount at issue is a sum certain. The amount at issue here, $36,110.00 and a white 2000 Ford Windstar van, vin # 2fmza5149ybc46103, is clearly identified in the verified Complaint.

Default judgment is also proper against Bright. Although he filed a claim and a Motion to Dismiss, he failed to file an Answer once the Motion to Dismiss was denied. At the time Bright's Motion to Dismiss was denied, Rule 12(a)(4)(A), Fed.R.Civ.P., required a party who had filed a Motion to Dismiss to file a responsive pleading within ten days[2] after notice that the Motion to Dismiss was denied.

Supplemental Rule G(5)'s "requirement that both a claim and an answer be filed is plain and unambiguous.... Strict compliance with the rule requires both a claim and an answer." U.S. v. Ford 250 Pickup 1990 VIN No. 1FTHX26M1LKA69552, 980 F.2d 1242, 1245 (8th Cir.1992) (citation omitted); see also United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 598 (7th Cir.2000) (even though claimant argued that his unverified claim obviated need for answer, "it was proper for the district court to insist upon a timely answer" because strict compliance with standing aspects of Supplemental Rules is typically required); United States v. 328 Pounds More or Less, of Wild American Ginseng, 347 F.Supp.2d 241, 249 (W.D.N.C.2004)

---

[2]The Order denying the Motion to dismiss was filed March 12, 2009. Effective December 1, 2009, amendments to the Rule changed the time limit to fourteen days.

(dismissing claim where claimant failed to comply with Supplemental Rules requirements, including filing of an answer); United States v. $19,840.00 in U.S. Currency More or Less, 552 F.Supp.2d 632, 636 (W.D.Tex.2008) ("In order to defend against a forfeiture, a claimant must timely file both a claim and an answer."). Because Bright has failed to comply with the Supplemental Rule G, default judgment is appropriate as to his claim.

**V.     CONCLUSION**

For the reasons stated above, it is recommended that the United States' Motion for Default Judgment (Document # 73) be granted as to potential claimants, Bright, Headley and Williams, and that a Decree of Forfeiture be entered directing that Defendant Properties, $36,110.00 in United States Currency and One 2000 Ford Windstar Automobile, White in Color, Vin # 2fmza5149ybc46103, be forfeited to the United States and allowing the United States Marshal's Service to dispose of Defendant Properties as provided by law.[3]

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 17, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

[3] If the district judge accepts this recommendation, all other pending motions will be moot.